UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC ANTHONY GRIMES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 1:22-cv-01802 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court will grant the IFP Application and dismiss the case because the Complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff Eric Anthony Grimes sues the United States, the United States Department of Treasury, and the United States District Court for the Southern District of Ohio. The Complaint is not a model in clarity. Plaintiff alleges that defendants somehow willfully committed "antitrust violations involving consumer protection laws . . . to prohibited restraints and monopolies." He goes on to allege that that his financial interests were somehow unlawfully withheld because Defendants failed to "write-off and close-out associated [c]onsumer transactions" thus violating his due process rights and right to privacy. He demands the return of these "interests," in the amount of $4 million. Beyond that, Plaintiff only alleges that Defendants somehow interfered with his "Pacer online account [for] United States case numbers 3:21-cv-2275 and Court of [A]ppeals 22-3346."

*Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant Complaint squarely falls into this category.

Put simply, the Complaint consists of a collection of vague allegations without any clarity or particularity. Plaintiff provides no factual context or information to make out any discernible claim. And though he cites to certain federal authority, its applicability is entirely unclear, and "federal court jurisdiction must affirmatively appear clearly and distinctly." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)). Consequently, Plaintiff fails to establish a basis for subject matter jurisdiction. An Order consistent with this Memorandum Opinion is issued separately.

Date: August 4, 2022

_____
CARL J. NICHOLS
United States District Judge